{¶ 30} I respectfully dissent from the judgment and opinion of the majority for the following reasons.
 {¶ 31} Appellants not only had the burden of proof here, they had to achieve it by clear and convincing evidence. At trial, they would have had to prove by clear and convincing evidence that there was fraudulent concealment. See, e.g., Sharma v. Sahota (Nov. 21, 2000), 11th Dist. No. 2000-G-2290, 2001 WL 1480731, at 4; Sines Sons, Inc. v. Shell Oil Co.
(Sept. 18, 1998), 11th Dist. No. 96-G-2042, 1998 WL 68936, at 5. The issue of the existence of a repair is a red-herring unless appellants could show that the repair was not open to observation or discoverable upon reasonable inspection. Until the reasonable inspection issue is resolved, we never get to the issue of appellees' knowledge.
 {¶ 32} Appellants' submission was that, despite two personal inspections, neither they nor their home inspector saw any "signs of cellar seepage on [the] day of inspection[.]" It was not until one and one-half years later, that cracking and water seepage were observed. Appellants' testimony was replete that the basement was empty of any furniture, shelving, wall hangings, or anything else that may have blocked their view.
 {¶ 33} The only conclusion to be drawn is that no one noticed the repairs, not that they could not see the repairs. The conclusion that they were unable to see the repairs because of concealment by two layers of white paint is an inference upon an inference. The first inference is that the repairs could not be seen, and, the second, that they could not be seen because they were concealed by two coats of white paint applied by appellees. Instead, the single inference to be drawn is that they did not notice any repairs. There is no inference to be drawn that the repairs were not open to observation or were not discoverable upon reasonable inspection.
 {¶ 34} Similarly, their home inspector's inspection was unimpeded, nevertheless, he "noticed no problems." The statement that he found no problems does not equate to a conclusion that he did not or could not observe any repairs. Instead, one can only conclude that if he noticed the repairs, he did not find them to be problematic.
 {¶ 35} Even the report of appellants' waterproofing expert is at odds with the conclusion of the majority. He indicated that he observed a double layer of masonry on the bottom course of cinder block, and that there was a large, filled crack in the wall. He did not indicate that his observation required any special procedure or method, or that his observation was impeded by the two coats of white paint.
 {¶ 36} If the above evidence had been presented at trial, the defense could have asked for and received a dismissal on the basis that the evidence was insufficient to prove fraudulent concealment by clear and convincing evidence. The inference that the repairs were not open to observation because of two layers of white paint was an inference upon an inference unless there was clear and convincing evidence that an unimpeded observer would be unable to see the repair. There was no such evidence here. Instead, the evidence was uncontroverted that no one noticed the repairs until the waterproofer appeared.
 {¶ 37} Even evidence implying that appellees were responsible for the white paint was irrelevant until the hurdle was overcome as to whether the condition was open to observation and discoverable upon reasonable inspection. The majority's reliance upon the photos and the sequence of the paint layering and the failure of anyone to notice the layer of masonry compound is misplaced. Appellants' own offerings failed to provide any proof, much less proof by clear and convincing evidence, that they or their agents were somehow prevented from observing or reasonably inspecting and discovering the claimed defect. In fact, their expert witness did observe the repairs, apparently without any type of enhanced inspection.
 {¶ 38} The trial court had it right. I would affirm its judgment in the entirety.